MONROE WISE v. THE STATE.

No. 16434. Delivered April 4, 1934.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing for purposes of sale, potable liquor containing in excess of one per cent of alcohol by volume; punishment, one year in the penitentiary.

Officers found at appellant's cold drink and lunch stand near Jacksonville, Texas, 1400 bottles of beer consisting of four brands, viz: Eidelweiss, Blue Ribbon, Atlas and Schlitz beers. No objection was offered to the testimony of the search made by the officers. The seven bills of excepton found in the record all relate to practically the same matter. As we understand the record, appellant seems to have tried to bring himself within the terms of article 41, P. C., which makes him guilty of no offense, who,—laboring under a mistake of fact,—does an act otherwise criminal. As stated above, appellant was found in possession of a large quantity of beer. The contents of each of said brands of beer was analyzed, and the Eidelweiss beer was found to contain two per cent of alcohol by volume, and the others each contained more than three per cent of alcohol by volume. By his bill of exceptions No. 1 appellant complains of the refusal of the court to let him prove by his witness Bennefield a conversation apparently had with witness Boyle, a man who was selling beer at Logansport, Louisiana. Appellant expected to prove by Bennefield that he heard the conversation, and that it was agreed and understood between appellant and

Boyle that appellant was contracting for beer of not over one per cent of alcoholic content. By his bill of exceptions No. 2 appellant complains of the fact that the court refused to permit defense witness Boyle to testify that he lived at Logansport, Louisiana, and was engaged in the wholesale beer business, and that he had a conversation with appellant at his place of business, and as to what appellant said in that conversation, and if he told him what kind of beer he wanted to buy, and as to what kind of beer he shipped appellant. The court held that appellant could prove by said witness what kind of beer was shipped to him, but could not tell the conversation. Bill of exceptions No. 3 complains of the rejection of the testimony of three witnesses by whom appellant sought to prove that he "told him" that he was buying under a contract that the beer was not intoxicating. Bill of exceptions No. 4 sets out that appellant wanted to prove by the deputy sheriff, who came to his place at the time the beer was obtained, that appellant told him he bought that stuff that he was selling under a contract that it was not to be over one per cent alcohol. Bill of exceptions No. 7 complains of the refusal of the court to permit State witness Lowe to testify that appellant told him he did not want to violate the law, and was not going to run his place in violation of the law. Mr. Boyle, the man who was in the wholesale beer business at Logansport, La., testified that he sold and shipped to appellant only Eidelweiss beer. He further admitted that he did not know what the alcoholic content was of Eidelweiss beer; that he had never analyzed it, and all he knew about it was what he was told by the distributors. Appellant did not take the stand and testify that he possessed any of said beers or that he believed it to have not more than one per cent of alcohol by volume, nor did he testify that he had investigated the alcoholic contents of any of said beers, or had had same tested or analyzed by any one. The latter part of article 41, supra, upon which appellant seems to rely, provides as follows:

"The mistake of fact * * * must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct, and it must also be such mistake as does not arise from a want of proper care on the part of the person so acting."

Let us try to apply this and see if it fits the facts before us. Appellant has apparently violated a law which forbids him having in his possession for sale beer of greater alcoholic content than one per cent by volume. His justification, if any, was that his possession of such beer was the result of a mistaken be-

lief on his part that it was of less than one per cent alcohol by volume, which mistaken belief in order to exculpate him would have to appear not to be the result of a want of proper care on his part, as provided by said statute. What did appellant do to support his contention of a good faith mistake and the exercise of proper care.

The record is entirely bare of any testimony of appellant that he believed any of the beers found in his possession were not of more than one per cent of alcohol by volume. Appellant did not testify that he got the Blue Ribbon, or the Schlitz or the Atlas beer found in his possession, from the Louisiana people. He did not put on the witness stand any witness who swore that he sold appellant any of the beers last named, and told him at the time or at any other time that they did not contain more than one per cent of alcohol by volume. The only man connected with the sale of any beer to appellant who gave testimony, was Mr. Boyle, and he swore that he only sold appellant Eidelweiss beer, and that he did not even know the alcoholic content of that beer. Had the testimony referred to in said bills of exception been admitted, same would have afforded appellant no defense as against his possession of the three brands of beer had by him other than the Eidelweiss beer. In this condition of the record it was practically apparent to the trial court that appellant was found in possession of a large quantity of Blue Ribbon, Schlitz and Atlas beer whose alcoholic content showed more than three per cent alcohol by volume, concerning his possession of which appellant made no explanation, attempted none, and did not even try to show that he bought it from some one who told him it had no more than one per cent of alcohol by volume. In this condition of the record the trial court was not called upon to submit to the jury any issue of mistake of fact on the part of appellant in justification of his possession of the beer had by him when the officers went to his place.

Bill of exceptions No. 5 complains of the action of the court in permitting testimony of the chemist who analyzed the beers submitted to him by the sheriff, the ground of objection being that the witness was not shown to be qualified. The witness testified to the amount of his study and preparation, and that he had been actively engaged in doing work of this kind for thirteen years. We think the testimony showed him to be qualified.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*